UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST,** *et al.*,  Plaintiffs,  v.  **MILLENNIUM STEEL, INC.,**  Defendant. | CASE NO. 3:16-CV-00294  JUDGE THOMAS M. ROSE  MAGISTRATE JUDGE SHARON L. OVINGTON  **ORDER** |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Before this Court, Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust (collectively "Trusts" or "Plaintiffs") submitted a Motion for Default Judgment against the Defendant Millennium Steel, Inc. ("Millennium"). This Court now grants the Plaintiffs' Motion for Default Judgment pursuant to 55(b) of the Federal Rules of Civil Procedure against Defendant Millennium in its entirety.

I. **BACKGROUND FACTS**

The Trusts are three employee welfare and pension benefit plans. Aff. of Peggy Gotthardt ¶¶ 5-10. Defendant Millennium is bound to the terms of the collective bargaining agreement ("CBA") with Iron Workers Local No. 22, Indianapolis, Indiana and Iron Workers Local No. 70, Louisville, Kentucky. ECF #1, ¶ 14, Complaint. Defendant Millennium executed a participation agreement ("Participation Agreement") on April 2, 2001 which bound it to the Plaintiffs' Agreements and Declarations of Trust ("Trust Agreements"). *Id.* at ¶¶ 18-19. Pursuant to the

Trust Agreements, Millennium is required to allow the Trusts' authorized agent access to its payroll records for the purpose of a payroll audit. *Id*. at ¶ 17. After refusing to undergo an audit which caused the Plaintiffs to file this action, Defendant Millennium finally succumbed to the Plaintiffs' insistence and on or around September 30, 2016, an audit was performed by the Plaintiffs' auditors, Clark Schaefer Hackett ("Audit"). Aff. of Peggy Gotthardt ¶ 19. The Audit found Defendant Millennium owed $235,361.43 in unpaid fringe benefit contributions, and the Trusts' have calculated Defendant Millennium owes $48,024.09 in liquidated damages, $48,896.79 in interest assessments from those contributions. *Id*. at ¶¶ 21-27. Additionally, pursuant to the Trust Agreements, Defendant Millennium has met the shortage threshold necessary to be liable for the costs of the audit, making it liable thereof, in the amount of $5,420.00. *Id* at ¶ 28. Defendant Millennium has failed to timely fulfill its contribution obligation in violation of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and is liable for the Trusts' reasonable attorneys' fees pursuant to Section 502(g) of ERISA. 29 U.S.C. § 1132(g) in the amount of $8,863.86. *Id*. at ¶ 29.

## II. PROCEDURAL HISTORY

On July 13, 2016, Plaintiffs filed the Complaint to compel an audit and collect all amounts discovered owing against Defendant. ECF #1, Complaint. On July 14, 2016, the summons was issued by this Court. ECF # 2, Summonses. On or around July 19, 2016—but no later than July 21, 2016 when the certified mail receipt was received by this law firm—service was executed on Defendant. ECF # 3, Summonses Returned Executed. Defendant had twenty-four (24) days after service was executed to answer the Complaint pursuant to Rules 6(d) and 12(a)(1)(A) of the Federal Rules of Civil Procedure, meaning their Answer was due August 15, 2016. As of this date, no answer, motion, or responsive pleading has been filed. *See* Dkt.

### III. STATEMENT OF FACTS

#### A. Plaintiffs Are Multiemployer Employee Benefit Plans Under ERISA.

The Benefit Trust provides life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families, and is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Aff. Gotthardt ¶¶ 5-6; *see* ECF #1, Complaint ¶ 3. The Pension Fund was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries, and is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S. C. § 1002(2). Aff. Gotthardt ¶¶ 7-8; *see* ECF #1, Complaint ¶ 5. The Annuity Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries, and is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S. C. §1002(2). Aff. Gotthardt ¶¶ 9-10; *see* ECF #1, Complaint ¶ 7.

Plaintiffs have been established pursuant to the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement (collectively the "Trust Agreements") that were entered into by various Iron Worker local unions representing field construction iron workers in Ohio, Kentucky, Indiana, and West Virginia (collectively the "Iron Worker Local Unions"), and various employers having collective bargaining agreements with one or more of the Iron Worker Local Unions. Aff. Gotthardt ¶¶ 11-12. Plaintiffs are maintained pursuant to one or more collective bargaining agreements between the Iron Worker Local Unions and more than one signatory employer. *Id*. Plaintiffs are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, Title 29 U.S.C. § 1002(37)(A). Aff. Gotthardt ¶ 11.

### B. Defendant Millennium Was Obligated To Submit To An Audit And Pay All Contributions Found Owing To The Plaintiffs.

Among the terms and conditions of employment in the CBA and Trust Agreements is the requirement that Defendant Millennium make employer contributions to the Plaintiffs on behalf of covered employees. ECF #1, ¶ 16, Complaint. At all times relevant to this action Defendant Millennium has been party to at least one collective bargaining agreement which binds it to the Trust Agreements. Aff. Gotthardt ¶ 13. Defendant Millennium employed workers whose wages, hours, and terms and conditions of employment are set forth in the CBA and all predecessor collective bargaining agreements. *Id.* Pursuant to the Trust Agreements, Defendant Millennium is liable for both liquidated damages and interest assessments if fringe benefit contributions are not timely remitted as required. Aff. Gotthardt ¶ 15.

Additionally, pursuant to the Trust Agreements, Defendant Millennium is required to allow the Plaintiffs' authorized agent access to its payroll records for the purpose of a payroll audit. ECF #1, ¶ 21, Complaint. On September 30, 2016, an audit was performed by the Plaintiffs' auditors, Clark Schaefer Hackett ("Audit"). Aff. of Peggy Gotthardt ¶ 19. The Audit found Defendant Millennium owed $235,361.43 in unpaid fringe benefit contributions and from those delinquent amounts, the Funds' office determined Defendant Millennium owes $48,024.09 in liquidated damages and $48,896.79 in interest assessments. *Id.* at ¶¶ 21-27. The contributions result from the improper underreporting of contributions owed by Defendant Millennium, making it liable for those amounts. Ms. Gotthardt determined the amount of the Defendants' liquidated damages, and interest based on the audit report and the employer reporting forms prepared and submitted on behalf of Defendant Millennium. *Id.* at ¶ 30.

Furthermore, pursuant to the Trust Agreements, Defendant Millennium has met the shortage threshold necessary to be liable for the costs of the audit, making it liable thereof, in the amount

4

of $5,420.00. *Id* at ¶ 28. Pursuant to the Trust Agreements, the Trusts are also entitled to its costs and reasonable attorneys' fees. Pursuant to an affidavit, the Trusts have paid $8,863.86 in attorneys' fees and costs to collect these amounts. Aff. Gotthardt ¶ 29.

### III. ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed. R. Civ. P. 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See Fed. R. Civ. P. 8(b)(6) (finding all allegations in a complaint not timely denied are accepted as true); *Stooksbury v. Ross*, 528 Fed.Appx. 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Trice v. Lake & Country Real Estate*, 831 F.2d 1064 (6th Cir. 1987); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (6th Cir. 1981). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *United States v. Thomas*, No. 3:14-CV-318, 2015 WL 1324379, at *1 (N.D. Ohio Feb. 17, 2015) (Rose J.) ("However, a default judgment does not automatically establish the liability claimed by the non-defaulting party unless the amount is certain.")

### A. Defendant Millennium's Obligation To Contribute To The Plaintiffs Is Indisputable

By failing to deny the Plaintiffs' allegations in the Complaint, the following allegations are admitted as true. Plaintiffs are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer

plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

Defendant Millennium is bound by the Participation Agreement and the CBA. Hence, Defendant Millennium is obligated to abide by the terms of the Trust Agreements, including the payment of contributions for each hour worked by a participating union iron worker. Article III of the Benefit Trust Agreement, Article VIII of the Pension Trust Agreement, and Article VIII of the Annuity Trust Agreement require Defendant Millennium to make employer contributions to the Trusts pursuant to the terms of the CBA and the Trust Agreements. Following the performance of a payroll audit by the Plaintiffs' audit, the Plaintiffs' discovered that Defendant Millennium has failed to contribute the proper amounts to the Plaintiffs in accordance with its obligation under the Participation Agreement, the Trust Agreements, and the CBA. Additionally, pursuant to the Trust Agreements, Defendant Millennium is liable for liquidated damages and interest as a result of its delinquent payment of fringe benefit contributions.

Pursuant to the Trust Agreements, Defendant Millennium is liable for the costs of the audit if the shortage discovered meets a certain threshold. That threshold was met, meaning Defendant Millennium is liable for those costs as well. Further, Defendant Millennium's failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which the Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as their reasonable costs and attorneys' fees from Defendant Millennium.  Indeed, Section 502(g) of ERISA, 29 U.S.C. § 1132(g) provides:

> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

>   (A) the unpaid contributions,
>   (B) interest on the unpaid contributions,
>   (C) an amount equal to the greater of -
>     >   (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
>   (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>   (E) such other legal or equitable relief as the court deems appropriate.

**B.    Defendant Millennium Failed To Make Contributions To The Trusts As Required and The Trusts' Damages Are Clear And Subject To Mathematical Calculation.**

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for its violation of the Trust Agreements—delinquent contributions, liquidated damages, interest assessments, audit costs, and attorneys' fees and costs—are subject to a clear mathematical calculation. Defendant Millennium has failed and/or refused to remit delinquent fringe benefit contributions in the amount of $235,361.43. The delinquent payment of this amount has led to the accrual of $48,024.09 in liquidated damages and $48,896.79 in interest assessments owing to Plaintiffs. Ms. Gotthardt determined the amount of the Defendants' delinquent contributions, liquidated damages, and interest based on employer reporting forms prepared and submitted on behalf of Defendant Millennium. Additionally, using mathematical calculations, Ms. Gotthardt has determined that Defendant Millennium's shortage discovered in the audit exceeds the threshold, meaning Defendant Millennium is liable for the costs of the audit, which equal $5,420.00.

The amounts owed by Defendant Millennium are fair and reasonable. Defendant Millennium voluntarily signed the CBA and the Participation Agreement, binding it to the Trust Agreements, including the fringe benefit and wage provisions.

### C. **Defendants are Liable For Attorneys' Fees And Costs Paid For Or Owed By The Trusts.**

Article III of the Benefit Trust Agreement, Article VIII of the Pension Trust Agreement, and Article VIII of the Annuity Trust Agreement state that "[s]hould legal action be necessary to effect collection of contributions owed to the Fund, the Employer shall pay all costs (including attorney fees) incurred by the Trustees." ECF #1, Complaint, Exhs. 1-3.

Plaintiffs have incurred $8,863.86 in attorneys' fees and costs collecting from Defendant Millennium. As Defendant Millennium is bound to the Trust Agreements through the Participation Agreement, it is liable for all of those fees and costs. *Id.*

The amounts owed by Defendant Millennium for attorneys' fees and costs are fair and reasonable. Defendant Millennium is directly responsible for the accumulation of the attorneys' fees and costs of Plaintiffs by knowingly violating the Trust Agreements and CBA.

The Court concludes that the specific monetary damages claimed are sums certain supported by affidavits, and therefore a hearing on damages is not required. The Court adopts as its own finding the sum certain of the monetary damages evidenced by Gotthardt's affidavit.

### IV. CONCLUSION

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. That the Plaintiffs' Motion for Default Judgment is granted against Defendant Millennium.

2. A declaratory order finding that Defendant Millennium is bound to the Plaintiffs' assorted Agreements and Declarations of Trust ("Trust Agreements").

3. A declaratory order finding Defendant Millennium is in violation of the Trust Agreements.

4. A monetary judgment against Defendant Millennium in favor of Plaintiffs for the amount of $235,361.43 in contributions, $48,024.09 in liquidated damages, and $48,896.79 in interest assessments discovered to be owing as a result of the audit voluntarily undergone as well as the costs of said audit as required by the Trust Agreements, in the amount of $5,420.00.

5. A monetary judgment against Defendant Millennium in Plaintiffs' favor for Plaintiffs' attorneys' fees and costs equaling $8,863.86 and all future amounts incurred to collect this on this judgment.

6. That an injunction against Defendant Millennium be issued prohibiting current and future violations of the Trust Agreements.

7. Post-judgment interest pursuant to 28 U.S.C. § 1961.

8. Such other legal or equitable relief as this Court deems appropriate.

9. This Court shall retain jurisdiction over this Case pending Defendant Millennium's compliance with its orders.

**IT IS SO ORDERED**                    January 6, 2017

                                            **ORDERED:**

                                            s/Thomas M. Rose
                                            Thomas M. Rose
                                            United States District Judge